Jonathan M. Lebe (SBN 284605)
Jon@lebelaw.com
Anthony J. Lebe (SBN 205431)
Tony@lebelaw.com
**LEBE LAW, APLC**
3900 W Alameda Avenue, Fifteenth Floor
Burbank, CA 91505
Telephone: (213) 444-1973

Attorneys for Plaintiff Abdelhamid Dounane,
Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Abdelhamid Dounane, Individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       vs.<br><br>LGCY Power, LLC; Does 1 through 20, Inclusive,<br><br>              Defendants. | Case No. 3:25-cv-04720-TLT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  Failure to Pay Minimum Wages;<br>2.  Failure to Pay Overtime Wages;<br>3.  Failure to Timely Pay All Wages;<br>4.  Failure to Provide Meal Periods;<br>5.  Failure to Provide Rest Breaks;<br>6.  Unlawful Deduction of Wages;<br>7.  Failure to Reimburse Business Expenses;<br>8.  Failure to Maintain Time and Payroll Records<br>9.  Failure to Provide Accurate and Itemized Wage Statements;<br>10. Failure to Timely Pay All Wages Due Upon Separation of Employment; and<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Abdelhamid Dounane, individually and on behalf of all others similarly situated,

2 alleges as follows:

3    **NATURE OF ACTION AND INTRODUCTORY STATEMENT**

4    1.    Plaintiff Abdelhamid Dounane ("Plaintiff") brings this putative class action

5 against Defendants LGCY Power, LLC and Does 1 through 20, inclusive (collectively,

6 "Defendants"), on behalf of himself individually and all other aggrieved employees employed by

7 Defendants throughout California.

8    2.    Defendant LGCY Power, LLC is a limited liability company doing business in the

9 State of California.

10    3.    Through this action, Plaintiff alleges that Defendants have engaged in a

11 systematic pattern of wage and hour violations under the California Labor Code ("Labor Code")

12 and Industrial Welfare Commission ("IWC") Wage Orders.

13    4.    Plaintiff is informed and believes, and thereon alleges, during the relevant time

14 period, Defendants had a consistent policy of violating state wage and hour laws by, among other

15 things:

16        (a)    misclassification of employees as independent contractors;

17        (b)    failing to pay minimum wages for all hours worked;

18        (c)    failing to pay overtime wages for all hours worked;

19        (d)    failing to timely pay all earned wages;

20        (e)    failing to provide lawful meal periods or compensation in lieu thereof;

21        (f)    failing to authorize or permit lawful rest breaks or provide compensation

22            in lieu thereof;

23        (g)    unlawfully deducting wages;

24        (h)    failing to reimburse all business expenses;

25        (i)    failing to provide accurate itemized wage statements; and

26        (j)    failing to pay all wages due upon separation of employment.

27    5.    Plaintiff brings this lawsuit seeking monetary relief against Defendants on behalf

28 of himself and all others similarly situated in California to recover, among other things, unpaid

-1-

wages and benefits, interest, attorneys' fees, costs and expenses and penalties pursuant to Labor Code §§ 201-204, 210, 221, 226, 226.7, 226.8, 510, 512, 1194, 1194.2, 1197, 1198, 2800, 2802, and 3700.

## JURISDICTION AND VENUE

6.    This is a class action pursuant to California Code of Civil Procedure § 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdictional limits of the Superior Court and will be established according to proof at trial.

7.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court original jurisdiction in all causes except those given by statutes to other courts.  The statutes under which this action is brought do not specify any other basis for jurisdiction.

8.    This Court has jurisdiction over all Defendants because, upon information and belief, they are citizens of the state of California, have sufficient minimum contacts in California, or otherwise intentionally avail themselves of the California market so as to render the exercise of jurisdiction over them by the California courts consistent with traditional notions of fair play and substantial justice.

9.    Venue is proper in this Court because, upon information and belief, Defendants reside, transact business or have offices in this county and acts and omissions alleged herein took place in this county. Further, Defendant failed to file and obtain a certificate of qualification and designate its principal place of business in California. As a foreign corporation that is not qualified to do business in California, it may be sued in any county in the state. *Easton v. Superior Court*, 12 CA3d 243, 90 CR 642 (1970).

## THE PARTIES

10.    Plaintiff is a citizen of California.  Plaintiff worked for Defendants in California during the relevant time periods as alleged herein.

11.    Plaintiff is informed and believes, and thereon alleges, that Defendants are corporations doing business throughout the State of California, and at all times hereinafter mentioned, an employer as defined in and subject to the California Labor Code and Industrial

-2-

Welfare Commission ("IWC") Wage Orders, whose employees are and were engaged throughout this county and the State of California.

12.    Plaintiff is unaware of the true names or capacities of the defendants sued herein under the fictitious names Does 1 through 20, but will seek leave of this Court to amend this Complaint and serve such fictitiously named defendants once their names and capacities become known.

13.    Plaintiff is informed and believes, and thereon alleges, that each defendant acted in all respects pertinent to this action as the agent of the other defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendant.  Furthermore, defendants in all respects acted as the employer and/or joint employer of Plaintiff and the class members.

14.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, Defendants and/or Does 1 through 20, acting as the agent or alter ego for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

15.    At all relevant times, Defendants, and each of them, acted within the scope of such agency or employment, or ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

16.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently or otherwise responsible for the acts, omissions, occurrences and transactions alleged herein.

## CLASS ACTION ALLEGATIONS

17.    Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of himself and all others similarly situated who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200, and IWC Wage Order violations.

18.    All claims alleged herein arise under California law for which Plaintiff seeks

1    relief authorized by California law.

2        19.    Plaintiff's proposed classes consist of and are defined as follows:

3            Class

4            All individuals who were classified as independent contractors and who

5            performed work for Defendants in the State of California from four years.

6        20.    Plaintiff also seeks to certify the following Subclass:

7            Waiting Time Subclass

8            All members of the Class who separated their employment from

9            Defendants within three years prior to the filing of this action to the date

10           of trial.

11       21.    Members of the Class and Subclass described above will be collectively referred

12   to as "Class Members."  Plaintiff reserves the right to establish other or additional subclasses, or

13   modify any Class or Subclass definition, as appropriate based on investigation, discovery and

14   specific theories of liability.

15       22.    This action has been brought and may properly be maintained as a class action

16   under the California Code of Civil Procedure § 382 because there are common questions of law

17   and fact as to the Class that predominate over questions affecting only individual members,

18   including, but not limited to:

19           (a) Whether Defendants misclassified Plaintiff and Class Members as independent

20               contractors rather than as non-exempt employees;

21           (b) Whether Defendants failed to pay at least minimum wage for all hours worked by

22               Plaintiff and Class Members;

23           (c) Whether Defendants failed to pay overtime wages earned by Plaintiff and Class

24               Members;

25           (d) Whether Defendants failed to timely pay Plaintiff and Class Members all wages

26               earned;

27           (e) Whether Defendants failed to provide Plaintiff and Class Members with meal

28               periods;

(f) Whether Defendants failed to provide Plaintiff and Class Members with paid rest breaks or required Plaintiff and Class Members to work through rest breaks without compensation;

(g) Whether Defendants illegally deducted wages from Plaintiff and Class Members;

(h) Whether Defendants required Plaintiff and Class Members to use their personal motor vehicles, cellular devices and home internet for work-related purposes and failed to reimburse Plaintiff and Class Members for such business expenses;

(i) Whether Defendants required Plaintiff and Class Members to incur additional expenses such as out-of-town lodging and out-of-town meals and failed to reimburse Plaintiff and Class Members for such business expenses;

(j) Whether Defendants failed to maintain Claimant and aggrieved employees' time and payroll records;

(k) Whether Defendants failed to furnish Plaintiff and Class Members with accurate, itemized wage statements;

(l) Whether Defendants failed to timely pay Plaintiff and former Class Members all wages due upon termination or within 72 hours of resignation; and

23.    There is a well-defined community of interest in this litigation and the Class is readily ascertainable:

(a)    Numerosity:  The members of the Class are so numerous that joinder of all members is impractical.  Although the members of the Class are unknown to Plaintiff at this time, on information and belief, the Class is estimated to be greater than 100 individuals.  The identity of the class members are readily ascertainable by inspection of Defendants' employment and payroll records.

(b)    Typicality:  The claims (or defenses, if any) of Plaintiff are typical of the claims (or defenses, if any) of the Class because Defendants' failure to comply with the provisions of California wage and hour laws entitled each class member to similar pay, benefits and other relief.  The injuries

-5-

sustained by Plaintiff are also typical of the injuries sustained by the Class because they arise out of and are caused by Defendants' common course of conduct as alleged herein.

(c)  Adequacy:  Plaintiff is qualified to, and will fairly and adequately represent and protect the interests of all members of the Class because it is in his best interest to prosecute the claims alleged herein to obtain full compensation and penalties due to him and the Class.  Plaintiff's attorneys, as proposed class counsel, are competent and experienced in litigating large employment class actions and are versed in the rules governing class action discovery, certification and settlement.  Plaintiff has incurred and, throughout the duration of this action, will continue to incur attorneys' fees and costs that have been and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority: The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for each Class.  If appropriate this Court can, and is empowered to, fashion methods to efficiently manage this case as a class action.

(e)  Public Policy Considerations:  Employers in the State of California and other states violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means.  Class actions provide the class members who are not named in the complaint with a type

of anonymity that allows for the vindication of their rights at the same time as affording them privacy protections.

## GENERAL ALLEGATIONS

**A.    Plaintiff Satisfies the Legal Test for Employee Status**

24.    Defendants are in the business of selling residential solar electricity generating systems and batteries to homeowners ("LGCY Power").

25.    LGCY Power, among other tasks, engages in recruiting workers to act as lead generators and salespeople for LGCY Power to advance its usual course of business.

26.    LGCY Power treats its workers as its employees.  LGCY Power requires that its workers participate in mandatory weekly multi-hour training meetings, requires its workers to follow mandatory guidelines and training materials on: a) how to best develop sales leads as lead generators, b) how to market LGCY Power products and financing options, and c) how to persuade prospective customers to sign agreements to purchase residential solar electricity generating systems and batteries. LGCY Power requires its workers to report progress on sales goals to their managers on a daily basis.

27.    LGCY Power workers lack business autonomy.  LGCY Power workers are not engaged in their own independently-established businesses.

28.    By working for Defendants, LGCY Power workers have not gone into business for themselves.  Instead, Defendants have unilaterally determined that LGCY Power workers are independent contractors while precluding them from taking the usual steps towards promoting and establishing their own independently-established businesses.  LGCY Power workers are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed.

29.    Defendants control the terms of employment.  Defendants maintain uniform policies and work requirements with which all LGCY Power workers, including Plaintiff, must comply.  Such guidelines include training materials on how to perform their jobs as LGCY Power employees and are required to enter into written signed agreements with the Defendants to not solicit other LGCY Power workers to work for a competing company within twenty-four

-7-

1    months after such an LGCY Power worker is separated from employment with Defendants.

2       30. In sum, Defendants control the terms of employment of their employees.

3       **B.** **Defendant's Misclassification of Plaintiff and Class Members Violates Their**

4        **Rights Under California Law**

5       31. At all relevant times mentioned herein, Plaintiff and Class Members performed

6    services for Defendants as LGCY Power employees during the relevant time period and were

7    purposely misclassified as independent contractors.

8       32. Defendants employed Plaintiff during the relevant time period.

9       33. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned

10   herein, Defendants were advised by skilled lawyers, employees, and other professionals who

11   were knowledgeable about California's wage and hour laws, employment and personnel

12   practices, and the requirements of California law.

13      34. Through this action, Plaintiff alleges that Defendants have engaged in a

14   systematic pattern of wage and hour violations under the California Labor Code and IWC Wage

15   Orders.

16      35. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

17   should have known that Plaintiff and Class Members were entitled to timely receive wages for

18   all time worked (including minimum wages, regular, and overtime wages) and that they were not

19   receiving all wages earned for work that was required to be performed.  For example, Defendants

20   failed to pay all commissions earned by Plaintiff and Class Members twice during each calendar

21   month and failed to pay Plaintiff and Class Members for the time spent attending mandatory

22   training meetings and for time spent driving from one sales location to another.  In violation of

23   the Labor Code and IWC Wage Orders, Plaintiff and Class Members were not paid all wages

24   (including minimum wages and overtime wages) for all hours worked.

25      36. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

26   should have known that Plaintiff and Class Members were entitled to receive all required meal

27   periods or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of

28   pay when they did not receive a timely, uninterrupted meal period.  In violation of the Labor

Code and IWC Wage Orders, aggrieved employees did not receive all meal periods or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when they did not receive a timely, uninterrupted meal period.

37.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all rest breaks or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when a rest break was missed.  In violation of the Labor Code and IWC Wage Orders, Class Members did not receive all rest breaks or payment of one (1) additional hour of pay at the aggrieved employees' regular rate of pay when a rest break was missed, interrupted, or on-duty.

38.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive itemized wage statements that accurately showed the following information pursuant to the Labor Code: (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and Class Members, and all hours worked.  In violation of the Labor Code, Plaintiff and Class Members were not provided with accurate itemized wage statements.

39.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that they were prohibited from withholding amounts from the wages of Plaintiff and Class Members, aside for certain statutory exceptions.  However, Defendants only paid Plaintiff and Class Members' wages if they were able to sell a certain amount of product

during a sales period, which encouraged Plaintiff and other aggrieved employees to purchase products themselves so they could receive payment, resulting in a deduction of wages. Moreover, Defendants charged Plaintiff and Class Members other deductions and penalties, including in the event of a chargeback.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members were entitled to reimbursement for necessary business expenditures incurred in connection with the performance and execution of their job duties.  In violation of the California Labor Code, Plaintiff and Class Members did not receive adequate reimbursement for necessary business expenses, including but not limited to reimbursement for extensive mileage and wear and tear placed on their personal vehicles, motel charges and meals for work travel, for home internet, mobile phone expenses, and computer expenses incurred by Claimant and the aggrieved employees.

41.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and Class Members who separated from Defendants were entitled to timely payment of wages upon separation of employment.  In violation of the California Labor Code, Plaintiff and the Waiting Time Subclass Members did not receive payment of all wages including, but not limited to, unpaid minimum and overtime wages, meal periods premiums, and rest break premiums within permissible time periods.

42.    Labor Code section 925(a) provides in pertinent part that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would… (1) Require the employee to adjudicate outside of California a claim arising in California" or "(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California."  Labor Code section 925(b) further provides that "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute."

43.    Plaintiff required Plaintiff and Class Members to agree that the laws of the State of Utah govern all actions arising out of employment with Defendants. Plaintiff hereby voids this

provision and will proceed such that this matter be adjudicated in California and governed by California law, and for declaratory relief, as well as PAGA penalties to be assessed based on this clear violation of Labor Code section 925.

### **FIRST CAUSE OF ACTION**

### **FAILURE TO PAY MINIMUM WAGES**

### **(Violation of Labor Code §§ 1194, 1194.2, 1197, and IWC Wage Order)**

44.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

45.     Labor Code §§ 1194 and 1197 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

46.     During the relevant time period, Defendant paid Plaintiff and Class Members less than minimum wage when, for example, Defendants failed to pay all commissions earned by Plaintiff and Class Members twice during each calendar month and failed to pay Plaintiff and Class Members for the time spent attending trainings and meetings.

47.     During the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff and Class Members for all hours worked pursuant to Labor Code §§ 1194 and 1197.  During each of the specific workweeks between March 10, 2024 through April 9, 2024, Plaintiff worked extensively including working approximately 12-hour days each Saturday and Sunday of that month. During every single specific workweek during the relevant time period, Defendants regularly failed to pay at least minimum wage to Plaintiff as evidenced by the fact that Plaintiff never received any wages from LGCY and never received any wage statements from LGCY.

48.     Defendants' failure to pay Plaintiff and Class Members the minimum wage as required violates Labor Code §§ 1194 and 1197.  Pursuant to these sections, Plaintiff and Class Members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees.

///

49.     Pursuant to Labor Code § 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

**(Violation of Labor Code §§ 510, 1194, and 1198; Violation of IWC Wage Order)**

50.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

51.     Labor Code § 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one and one-half (1½) or two (2) times the person's regular rate of pay, depending on the number of hours or days worked by the person on a daily or weekly basis.

52.     Specifically, the applicable IWC Wage Orders provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at the rate of one and one-half times (1½) their regular rate of pay when working and for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek and for the first eight (8) hours of work on the seventh day of work in a workweek.

53.     The applicable IWC Wage Orders further provide that Defendants are and were required to pay overtime compensation to Plaintiff and Class Members at a rate of two times their regular rate of pay when working and for all hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours on the seventh day of work in a workweek.

54.     California Labor Code § 510 codifies the right to overtime compensation at one and one-half (1½) times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week and for the first eight (8) hours worked on the seventh consecutive day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a workweek.

///

55.     Labor Code § 510 and the applicable IWC Wage Orders provide that employment of more than six days in a workweek is only permissible if the employer pays proper overtime compensation as set forth herein.

56.     Plaintiff and Class Members were wrongfully misclassified as independent contractors by Defendants and, instead, should have been classified as non-exempt employees entitled to the protections of California Labor Code §§ 510 and 1194.

57.     During the relevant time period, Defendants failed to pay Plaintiff and Class Members overtime wages for all overtime hours worked when Plaintiff and Class Members worked in excess of eight (8) hours in a day, forty (40) hours in a week, and/or for a seventh consecutive day of work in a workweek, or when Plaintiff and Class Members worked in excess of twelve (12) hours in a day and/or in excess of eight (8) hours on the seventh day of work in a work week. During each of the specific workweeks between March 10, 2024 through April 9, 2024, Plaintiff worked extensively including working approximately 12-hour days each Saturday and Sunday of that month. During the March 10, 2024 through April 9, 2024 time period Defendants failed to pay Plaintiff for any overtime hours worked as evidenced by the fact that Plaintiff never received any wages from LGCY and never received any wage statements from LGCY.

58.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class Members for all wages earned and all hours worked.

59.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of overtime and double time compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

60.     Pursuant to Labor Code § 1194, Plaintiff and Class Members are entitled to recover their unpaid overtime and double time compensation as well as interest, costs, and attorneys' fees.

///

///

-13-

1

**THIRD CAUSE OF ACTION**

2

**FAILURE TO TIMELY PAY ALL EARNED WAGES**

3

**(Violation of Labor Code §§ 204 and 210; Violation of IWC Wage Order)**

4    61.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

5  though fully set forth herein.

6    62.    Labor Code § 204 provides that all wages earned by an employee are due and

7  payable twice during each calendar month.

8    63.    Defendants failed to timely pay Plaintiff and Class Members all of their earned

9  wages as required by Labor Code § 204. During every single specific workweek during the

10  relevant time period, Defendants failed to timely pay Plaintiff all of his earned wages as required

11  by Labor Code § 204 as evidenced by the fact that Plaintiff never received any wages from

12  LGCY and never received any wage statements from LGCY.

13    64.    Plaintiff and Class Members have been deprived of their rightfully earned wages

14  as a direct and proximate result of Defendants' failure to pay said compensation.  Plaintiff and

15  Class Members are entitled to recover such amounts, plus interest thereon, attorneys' fees and

16  costs.

17    65.    In addition, Plaintiff and class members are entitled to penalties pursuant to Labor

18  Code § 210 as follows: (1) for Defendants' initial violation, $100 for each failure to pay each

19  Class Member; and (2) for each of Defendants' subsequent violations, or any willful or

20  intentional violation, $200 for each failure to pay each Class Member, plus 25 percent of the

21  amount unlawfully held.

22

**FOURTH CAUSE OF ACTION**

23

**FAILURE TO PROVIDE MEAL PERIODS**

24

**(Violation of Labor Code §§ 226.7, 512, and IWC Wage Order)**

25    66.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as

26  though fully set forth herein.

27    67.    Labor Code § 226.7 provides that no employer shall require an employee to work

28  during any meal period mandated by the IWC Wage Orders.

-14-

68.    Section 11 of the applicable IWC Wage Order states "no employer shall employ any person for a work period of no more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work, the meal period may be waived by mutual consent of the employer and the employee."

69.    Labor Code § 512(a) provides that an employer may not require, cause, or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

70.    Labor Code § 512(a) further provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

71.    During the relevant time period and as a result of Defendant's willful misclassification of Plaintiff and other Class Members as independent contractors, Plaintiff and Class Members did not receive compliant meal periods for each five hours worked per day, including a second meal period when Plaintiff and Class Members worked ten or more hours in a day. Defendants failed to ever notify Plaintiff of his right to take meal breaks. During each specific workweek during the relevant time period, Plaintiff regularly failed to receive compliant meal periods for each five hours worked per day, including a second meal period when Plaintiff worked ten or more hours in a day.

72.    Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each work day that a meal period is not provided.

73.    At all relevant times, Defendant failed to pay Plaintiff and Class Members all meal period premiums due for meal period violations pursuant to Labor Code § 226.7(b) and section 11 of the applicable IWC Wage Order.

74.    As a result of Defendant's failure to pay Plaintiff and Class Members an additional hour of pay for each day a meal period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PERMIT REST BREAKS**

**(Violation of Labor Code §§ 226.7 and IWC Wage Order)**

75.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

76.    Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by the IWC Wage Orders.

77.    Section 12 of the applicable IWC Wage Order states "every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and the "authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3½) hours."

78.    During the relevant time period, Plaintiff and Class Members did not receive a ten (10) minute rest period for every four (4) hours or major fraction thereof worked due to Defendant's willful misclassification of Plaintiff and Class Members as independent contractors. Defendants failed to ever notify Plaintiff of his right to take rest breaks. During each specific workweek during the relevant time period, Plaintiff regularly failed to receive a ten (10) minute rest period for every four (4) hours or major fraction thereof.

79.    Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order require an employer to pay an employee one additional hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

80.    At all relevant times, Defendant failed to pay Plaintiff and Class Members all rest period premiums due for rest period violations pursuant to Labor Code § 226.7(b) and section 12 of the applicable IWC Wage Order.

///

81.      As a result of Defendant's failure to pay Plaintiff and Class Members an additional hour of pay for each day a rest period was not provided, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation

**SIXTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTION OF WAGES**

**(Violation of Labor Code §§ 221, 223)**

82.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

83.      Labor Code § 221 provides, in pertinent part, "[i]t shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

84.      During the relevant time period, Defendants made unlawful deductions from Plaintiff's and Class Members' wages by only paying Plaintiff's and Class Members' wages if they persuaded prospective customers to sign agreements to purchase residential solar electricity generating systems and batteries, thus resulting in a deduction of wages. During every single specific workweek during the relevant time period, Defendants made unlawful deductions from Plaintiff's wages as evidenced by the fact that Plaintiff never received any wages from LGCY and never received any wage statements from LGCY.

85.      Defendants' violation of Labor Code §§ 221-223 caused Plaintiff and Class Members to suffer substantial monetary losses, expenses, and attorneys' fees in seeking to compel Defendants to fully perform their obligations under California law. As a result, Plaintiff and Class Members suffered and continue to suffer a loss of wages and compensation, pursuant to Labor Code § 218.5 and Code of Civil Procedure 1021.5.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE ALL BUSINESS EXPENSES**

**(Violation of Labor Code §§ 2800, 2802, and the IWC Wage Order)**

86.      Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

-17-

87.     Labor Code section 2800 provides, in pertinent part, "[a]n employer shall in all cases indemnify his employee for losses caused by the employer's want of ordinary care."

88.     Labor Code section 2802 provides, in pertinent part, "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

89.     Labor Code section 2802 further provides, in pertinent part: "the term 'necessary expenditures or losses' shall include all reasonable costs, including but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."

90.     California Labor Code section 2804 mandates that this statutory right cannot be waived.

91.     During the relevant time period, Defendants were required to indemnify and reimburse Plaintiff and Class Members for all expenditures or losses caused by the employer's want of ordinary care and/or incurred in direct consequence of the discharge of their duties, but failed to indemnify and reimburse Plaintiff and Class Members.

92.     During the relevant time period, Defendant failed to adequately reimburse Plaintiff and Class Members for necessary business expenses, including but not limited to reimbursement for extensive mileage and wear and tear placed on their personal vehicles, motel charges and meals for work travel over 50 miles away from their LGCY Power home office, for home internet, mobile phone expenses, and computer expenses incurred by Claimant and the aggrieved employees.  During every single specific workweek during the relevant time period, Defendants failed to adequately reimburse Plaintiff for necessary business expenses as evidenced by the fact that Plaintiff never received any reimbursement for any necessary business expenses from LGCY.

93.     As a direct and proximate result, Plaintiff and Class Members have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such monies to be reimbursed, lost interest on such monies, expenses, and attorneys' fees in seeking to compel Defendants to fully perform their obligations under California law, all to their damage in amounts according to proof at the time of trial.

-18-

94.     Accordingly, Plaintiff and Class Members are entitled to recover, and hereby seek, an amount equal to the incurred necessary expenditures, pre- and post-judgment interest, applicable penalties, attorneys' fees and costs, and any further equitable relief this Court may deem just and proper.  *See* Cal. Lab. Code § 2802; *see also* Cal. Civ. Proc. Code § 1021.5.

<u>**EIGHTH CAUSE OF ACTION**</u>

<u>**FAILURE TO MAINTAIN TIME AND PAYROLL RECORDS**</u>

**(Violation of Labor Code § Code §§ 1174, 1198.5, 1199.5; Violation of IWC Wage Order)**

95.     Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

96.     Labor Code § 1174(d) requires Defendants to keep, at a central location in the State of California or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.

97.     Labor Code § 1198.5 requires Defendants to make the contents of current and former employee personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request.

98.     During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code §§ 1174, 1198.5, and 1199.5.  The deficiencies include, among other things, the failure to maintain time and payroll records for the hours worked by Plaintiff and Class Members. During every single specific workweek during the relevant time period, Defendants failed to maintain time and payroll records for the hours worked by Plaintiff as evidenced by the fact that Plaintiff never received any wage statements from LGCY.

99.     As a result of Defendants' violation of California Labor Code §§ 1174, 1198.5, and 1199.5, Plaintiff and Class Members have suffered injury and damage to their statutorily protected rights.  Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code §§ 1174, 1198.5, and 1199.5 because they were

-19-

denied both their legal right to inspect and rely on accurate employer maintained time and payroll records. Plaintiff has had to file this lawsuit in order to determine the extent of the failure to maintain time and payroll records and the related underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants maintained accurate time and payroll records. This intentional failure by Defendants has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

100. Defendants' violations of California Labor Code §§ 1174, 1198.5, and 1199.5 prevented Plaintiff and Class Members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants. As a result of Defendants' knowing and intentional failure to comply with California Labor Code §§ 1174, 1198.5, and 1199.5, Plaintiff and Class Members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to be shown according to proof at trial.

**NINTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**

**(Violation of Labor Code § 226; Violation of IWC Wage Order)**

101. Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

102. Labor Code § 226(a) requires Defendants to provide each employee with an accurate wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly

rate by the employee.

103.    During the relevant time period, Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a) on wage statements that were provided to Plaintiff and class members.  The deficiencies include, among other things, the failure to correctly state the gross and net wages earned by Plaintiff and Class Members, and all hours worked.  During every single specific workweek during the relevant time period, Defendants failed to comply with Labor Code § 226(a) on wage statements as evidenced by the fact that Plaintiff never received any wage statements from LGCY.

104.    As a result of Defendants' violation of California Labor Code § 226(a), Plaintiff and Class Members have suffered injury and damage to their statutorily protected rights. Specifically, Plaintiff and Class Members have been injured by Defendants' intentional violation of California Labor Code § 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate itemized wage statements under California Labor Code § 226(a).  Plaintiff has had to file this lawsuit in order to determine the extent of the underpayment of wages, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate wages earned.  This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

105.    California Labor Code § 226(a) requires an employer to pay the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurred, and one hundred dollars ($100.00) per employee for each violation in subsequent pay periods, plus attorney's fees and costs, to each employee who was injured by the employer's failure to comply with California Labor Code § 226(a).

106.    Defendants' violations of California Labor Code § 226(a) prevented Plaintiff and Class Members from knowing, understanding and disputing the wages paid to them, and resulted in an unjustified economic enrichment to Defendants.  As a result of Defendants' knowing and intentional failure to comply with California Labor Code § 226(a), Plaintiff and Class Members have suffered an injury, and the exact amount of damages and/or penalties is all in an amount to

-21-

be shown according to proof at trial.

## **TENTH CAUSE OF ACTION**

### **FAILURE TO PAY ALL WAGES DUE UPON SEPARATION OF EMPLOYMENT AND WITHIN THE REQUIRED TIME**

**(Violation of Labor Code §§ 201, 202 and 203; Violation of IWC Wage Order)**

107.    Plaintiff hereby re-alleges and incorporates by reference all paragraphs above as though fully set forth herein.

108.    California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his employment, his wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his intention to quit, in which case the employee is entitled to his wages at the time of quitting.

109.    During the relevant time period, Defendants willfully failed to pay Plaintiff and Waiting Time Subclass members all their earned wages upon termination including, but not limited to, unpaid minimum and overtime wages, meal period premiums, and rest break premiums within permissible time periods. During the relevant time period, Defendants failed to pay Plaintiff all his earned wages upon termination including, but not limited to, unpaid minimum and overtime wages, meal period premiums, and rest break premiums within permissible time periods as evidenced by the fact that Plaintiff never received any wages from LGCY.

110.    Defendants' failure to pay Plaintiff and Waiting Time Subclass Members all their earned wages at the time of discharge or within seventy-two (72) hours of their leaving Defendants' employ is in violation of Labor Code §§ 201 and 202.

111.    California Labor Code § 203 provides that if an employer willfully fails to pay wages owed immediately upon discharge or resignation in accordance with Labor Code §§ 201 and 202, then the wages of the employee shall continue as a penalty from the due date at the same rate until paid or until an action is commenced; but the wages shall not continue for more

-22-

than thirty (30) days.

112.    Plaintiff and Waiting Time Subclass members are entitled to recover from Defendants the statutory penalty which is defined as Plaintiff's and Waiting Time Subclass members' regular daily wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to Labor Code § 203.

## **PRAYER FOR RELIEF**

Plaintiff, on his own behalf and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

1.    For certification of this action as a class action, including certifying the Class and Subclass alleged by Plaintiff;

2.    For appointment of Abdelhamid Dounane as the class representative;

3.    For appointment of Lebe Law, APLC as class counsel for all purposes;

4.    For compensatory damages in an amount according to proof with interest thereon;

5.    For economic and/or special damages in an amount according to proof with interest thereon;

6.    For recovery of unpaid wages pursuant to Labor Code §§ 221–223.

7.    For waiting time penalties of 30-days pay pursuant to Labor Code section 203 related to Defendants' failure to timely pay all wages due to Plaintiff and all other terminated or separated Class Members, distributed in a fair and equitable manner in an amount according to proof;

8.    For reimbursement of unpaid business expenses, in accordance with Labor Code section 2802;

9.    For reasonable attorneys' fees, costs of suit and interest to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5, Labor Code §§ 226(e) and 1194;

10.    For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and IWC Wage Orders;

11.    For restitution as provided by Business and Professions Code §§ 17200, *et seq.*;

12.    For an order requiring Defendants to restore and disgorge all funds to each

-23-

employee acquired by means of any act or practice declared by this Court to be unlawful, or fraudulent;

13.    For an award of damages in the amount of unpaid compensation including, but not limited to, unpaid wages, benefits and penalties, including interest thereon;

14.    Declaratory relief;

15.    For pre-judgment interest; and

16.    For such other relief as the Court deems just and proper.

Dated: October 22, 2025                **LEBE LAW, APLC**

By: _____ */s/ Jonathan M. Lebe* _____
Jonathan M. Lebe
Anthony J. Lebe
Attorneys for Plaintiff Abdelhamid Dounane,
Individually and on behalf of all others similarly
situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

Dated: October 22, 2025                **LEBE LAW, APLC**

By: _____ */s/ Jonathan M. Lebe* _____
Jonathan M. Lebe
Anthony J. Lebe
Attorneys for Plaintiff Abdelhamid Dounane,
Individually and on behalf of all others similarly
situated

FIRST AMENDED CLASS ACTION COMPLAINT